## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **GERALD A. KELLOGG,** | ) | |
| | ) | **8:07CV70** |
| **Plaintiff,** | ) | |
| | ) | **STIPULATED PROTECTIVE ORDER** |
| **v.** | ) | |
| | ) | |
| **NIKE, INC. AND NIKE USA, INC.,** | ) | |
| | ) | |
| **Defendants and** | ) | |
| **Counterclaimants.** | ) | |

This matter came before the court on a Joint Motion for Protective Order (Filing No. 43) prepared and submitted by plaintiff Gerald A. Kellogg (Kellogg) and defendants Nike, Inc. and Nike USA, Inc. (Nike), pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. The court, having been fully advised as the circumstances of said Motion, hereby finds it should be granted.

### IT IS ORDERED:

1.      The joint motion for protective order (Filing No. 43) is granted as set forth below.

### I.     PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

## II.    DEFINITIONS

2.1    <u>Party</u>:  any party to this action and any parent, subsidiary, or affiliate of a party to this action, including all of their officers, directors, employees, consultants, or agents.

2.2    <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3    <u>"Confidential" Information or Items</u>:  information (regardless of how generated, stored or maintained) which comprises or contains information that the Producing Party claims in good faith to constitute or relate to: (1) trade secrets under applicable law; (2) commercial information (such as business plans, business strategies, market plans, market and/or demographic research, market penetration, market share, advertising, negotiations, and license agreements); (3) financial information (such as budgeting, accounting, sales figures and advertising expenditures); (4) business relationship information (such as information pertaining to potential and/or existing customers, competitors, suppliers, distributors, affiliates, subsidiaries and parents); (5) technical information (such as research and development information, lab notebooks, schematics, block diagrams, system level engineering documents, source code, and inventor notebooks and/or files); (6) information pertaining to products and product development efforts, concepts or plans; and (7) patent and trademark prosecution information (such as invention disclosures and present or future patent or trademark applications), each of which is not generally available or known to the public.

2.4    <u>Receiving Party</u>:  a Party or Retained Expert(s) that receives Disclosure or Discovery Material from a Producing Party.

2.5    <u>Producing Party</u>:  a Party or non-party that produces Disclosure or Discovery Material in this action.  Any non-party executing the Agreement to Be Bound (attached as Exhibit A) shall be entitled the rights and protections provided to a Producing and/or Designating Party.

2

2.6     <u>Designating Party</u>:  a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

2.7     <u>Protected Material</u>:   any Disclosure or Discovery Material that is designated as "Confidential."

2.8     <u>Outside Counsel</u>:  attorneys (as well as their support staffs) who are not employees of a Party but who are specially retained to represent or advise a Party in this action.

2.9     <u>House Counsel</u>:  attorneys (as well as their support staffs) who are employees of a Party.

2.10    <u>Counsel:</u> (without qualifier):  Outside Counsel and House Counsel (as well as their support staffs).

2.11    <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been specially retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.   This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.12    <u>Professional Vendors</u>:   persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.


**III.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

IV.     DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

V.      DESIGNATING PROTECTED MATERIAL

5.1     Exercise of Restraint and Care in Designating Material for Protection: Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.  If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     Manner and Timing of Designations:  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" at the bottom of each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party

4

also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the legend "CONFIDENTIAL" at the bottom of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)    for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought. Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL," as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

(c)      for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions.

5.3    Inadvertent Failures to Designate:  If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "CONFIDENTIAL" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## VI.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges:  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer:  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3    Judicial Intervention:  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating

6

Party may file and serve a motion under Local Rule 7.1 that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

### VII. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1  Basic Principles:  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 12, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2  Disclosure of "CONFIDENTIAL" Information or Items:  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a)  the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

7

(c)     Experts (as defined in this Order) (1)  to whom disclosure is reasonably necessary for this litigation, (2)  who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A) and served such signed agreement on the Designating Party, and (3)  as to whom the procedures set forth in paragraph 7.3 below, have been followed; as well as employees of said Experts to whom it is reasonably necessary to disclose the information for this litigation;

(d)     the Court and its personnel;

(e)     court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(g)     the author of the document or the original source of the information, and any copied recipients thereof; and

(h)     professional vendors.

7.3     Procedures for Approving Disclosure of "CONFIDENTIAL — ATTORNEYS' EYES ONLY" Information or Items to Experts:

(a)     unless otherwise ordered by the court or agreed in writing by the Designating Party, a Party that seeks to disclose any information or item to an Expert that has been designated "CONFIDENTIAL" must first make a written request to the Designating Party that (1)  sets forth the full name of the Expert and the city and state of his or her primary residence, (2)  attaches a copy of the Expert's current resume, (3) identifies the Expert's current employer(s), (4)  identifies each person or entity from whom the Expert has received compensation for work in his or her areas of expertise or to whom the Expert has provided professional services at any time during the preceding five years, and (5)  identifies (by name and number of the case, filing date, and location of court) any intellectual property litigation or patent or trademark application in connection with which the Expert has provided any professional services during the preceding five years.

8

(b)     a Party that makes a request and provides the information specified in the preceding sub-paragraph may disclose the subject Protected Material to the identified Expert unless, within five court days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

(c)     a Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement.  If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Local Rule 7.1 seeking permission from the court to do so.  In addition, any such motion must be accompanied by a competent declaration in which the movant describes the parties' efforts to resolve the matter by agreement.

In any such proceeding the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

## VIII.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

The Receiving Party also must promptly inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## IX.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.  Any such disclosure shall not constitute a waiver of the Producing Party's designation of the Protected Material.

## X.   UNINTENTIONAL DISCLOSURE OF PRIVILEGED INFORMATION

Counsel shall exert their best efforts to identify documents or material protected by the attorney-client privilege or the work-product doctrine prior to the disclosure of any such documents or material.  If, however, a party unintentionally discloses documents or material that is privileged or otherwise immune from discovery, the party shall, within five (5) business days upon discovery of the disclosure, so advise the Receiving Party in writing, request the documents or material be returned, and attach a privilege log with an entry pertaining to the documents or material that is privileged or otherwise immune from discovery.  If that request is made and the privilege log provided, no party to this action shall thereafter assert that the disclosure waived any privilege or immunity.  It is further agreed that the Receiving Party will return or destroy the

10

inadvertently produced documents or material, and all copies and derivations, within five (5) business days of the Receiving Party's receipt of a written request for the return of the documents or material.

### XI.   EXCEPTIONS

The restrictions set forth in any of the preceding paragraphs shall not apply to information or material that: (a) was, is or becomes public knowledge in a manner other than by violation of this Order; (b) is acquired by the non-designating party from a third party having the right to disclose such information or material; (c) was lawfully possessed by the non-designating party prior to the entry by the Court of this Order.

However, a party seeking to remove a designation pursuant to this Order based on the assertion that the designated information or material falls within the foregoing categories shall continue to treat material designated as "CONFIDENTIAL" as such until 10 court days after providing written notice to the party producing such material of the reason for the proposed removal of the "CONFIDENTIAL" designation.  If the producing party objects to the removal of the designation within this time period, the original designation will stand until the matter is resolved by the Court or upon agreement of the parties.

### XII.   FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party may file documents under seal with the Court without written permission from the Designating Party.

### XIII.   FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of

11

reproducing or capturing any of the Protected Material.  With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

### XIV.   MISCELLANEOUS

14.1   <u>Right to Further Relief</u>: Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

14.2   <u>Right to Assert Other Objections</u>: By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

Dated this 30th day of August, 2007.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge

12

**IN THE UNITED STATES DISTRICT COURT for the DISTRICT OF NEBRASKA**

GERALD A. KELLOGG,                                    )
                                                     )
                              Plaintiff,             )
                                                     )
                  v.                                 )   Case No.  8:07-cv-00070
                                                     )
                                                     )   **EXHIBIT A TO**
NIKE, INC. and NIKE USA, INC.,                       )   **STIPULATED PROTECTIVE ORDER**
                                                     )
                              Defendants and         )
                              Counterclaimants.      )


### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY THE PROTECTIVE ORDER

I, _____, declare under penalty of perjury that I have read in its

entirety and understand the Stipulated Protective Order that was issued by the United States District

Court for the District of Nebraska in this matter.  I agree to comply with and to be bound by all the

terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply

could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that

I will not disclose in any manner any information or item that is subject to this Stipulated Protective

Order to any person or entity except in strict compliance with the provisions of this Order. I further

agree to submit to the jurisdiction of the United States District Court for the District of Nebraska for

the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement

proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____