IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GERALD A. KELLOGG, | ) | |
| | ) | |
| Plaintiff, | ) | 8:07CV70 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| NIKE, INC. and NIKE USA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on the plaintiff's Motion to Compel Responses to Plaintiff's Request for Production of Documents and Request for Immediate Hearing (Filing No. 62), the plaintiff's amended motion (Filing No. 65)[1] and the defendants' Emergency Motion For Protective Order On Deposition Notices of (1) Julianne Davis (2) Carolyn Gutsick, (3) Katie Maksym, and (4) Defendants, Pursuant to Rule 30(b)(6) (Filing No. 68). The motions are fully briefed and will be discussed separately below.

## BACKGROUND

The plaintiff filed a complaint alleging some of the defendants' products infringe on the plaintiff's 1997 U.S. Design Patent No. 384,190 (the Kellogg '190 patent) relating to the plaintiff's invention of an ornamental design for a vented baseball-styled cap. **See** Filing No. 15 - Amended Complaint. The plaintiff alleges he submitted his concept to the defendants on multiple occasions, however the defendants rejected his idea. *Id.* ¶¶ 12-17. The plaintiff alleges he later saw persons wearing Nike hats which "overtly copied his patented vented cap design." **See** Filing No. 89 p. 2. The plaintiff contacted the defendants about the alleged patent infringement and received responses from Julianne Davis, in-house counsel for the defendants, disputing infringement. The plaintiff states the defendants obtained a patent in 2003, U.S. Design Patent No. 475,178 (the Nike '178 patent), for a vented cap design created by Jon Taguchi. **See** Filing No. 15 ¶¶ 15 - 26.

---

[1] The plaintiff's amended motion is not substantively different from the original motion, the amended motion notes the date of a telephone conference between counsel which was omitted from the original.

The plaintiff further alleges the defendants infringe on the Kellogg '190 patent with hats sold under the trade name "Nike DRI-FIT Featherlite Cap." ***Id.*** ¶ 26.

On November 16, 2007, Chief Judge Joseph F. Bataillon entered an order determining the proper claim construction for the Kellogg '190 patent in this case is as follows:

> An ornamental design for a vented baseball-styled cap as defined by the overall visual impressions as shown in figures 1 through 4. The cap has a hemispherical cap portion with a brim extending generally from one side of the cap portion. The hemispherical cap portion has four oblong-shaped vents that have sharply narrowing v-shaped ends. The vents are symmetrically shaped and extend along the seams of the panels of the cap in a generally "X"-shaped fashion with the center of the "X" being located at the top center of the cap.

**See** Filing No. 107, p. 5.

On September 19, 2007, the plaintiff filed the motions to compel seeking an expedited hearing to compel the defendants to produce certain discovery material prior to depositions scheduled for September 24, 2007, in Portland, Oregon. On September 20, 2007, the court issued an order denying the plaintiff's motion for an expedited hearing, in light of the belated motion to compel, and advised the parties that if the plaintiff's motion to compel is subsequently granted, in whole or in part, and the production of such materials would have been material to the Rule 30(b)(6) deposition scheduled for September 24, 2007, in Portland, Oregon, the court may impose sanctions to include the retaking of the deposition with costs, including attorney's fees, being assessed. **See** Filing No. 67.

On September 20, 2007, the defendants filed the motion for a protective order seeking to prevent the September 24, 2007 depositions of Julianne Davis, Katie Makysm, Carolyn Gutsick, and the defendants pursuant to Rule 30(b)(6). **See** Filing No. 68. On September 21, 2007, the court held an expedited hearing on the defendants' motion. **See** Filing Nos. 70, 71 and 75. The parties agreed a portion of the Rule 30(b)(6) topics would be discussed on the September 24, 2007 deposition date, but the parties would have to return again to Oregon to conclude the remainder of the Rule 30(b)(6) topics, subsequent to the court's ruling, and to take the deposition of Jon Taguchi. Accordingly, the court granted the defendants' motion for protective order to the extent that the parties could

2

proceed with the Rule 30(b)(6) depositions excluding discovery in the areas covered in the plaintiff's motion to compel (Filing Nos. 62, 65) and defendants' motion for a protective order (Filing No. 68). The substantive issues raised in the motion have yet to be addressed. Briefing for the discovery motions is now complete.

### A.     Motion to Compel

The plaintiff filed a brief (Filing No. 64) and an index of evidence (Filing No. 63) in support of the motions to compel. The defendants filed a brief (Filing No. 80) and an index of evidence (Filing No. 84) in opposition to the plaintiff's motions to compel. The plaintiff filed a reply brief (Filing No. 93) and index of evidence (Filing Nos. 94 and 97). The defendants then filed a sur-reply brief (Filing No. 100, Ex. 1) and an index of evidence (Filing No. 101), with leave of court.

The plaintiff seeks an order compelling the defendants "to serve written responses to Requests for Production of Documents which organize and label the documents in accordance with Rule 34." **See** Filing No. 93 - Reply Brief p. 12. Additionally, the plaintiff seeks to compel disclosure (or supplemental disclosure) of:

1. all responsive information pertaining to the defendants' electronically stored information;
2. Request for Production Nos. 3, 4, 7-11, 13-16;
3. all documents and electronically stored information constituting e-mails, correspondence, or interoffice communications dealing with the Kellogg '190 patent, and the development of the Nike products designed and pertaining to the Nike '178 patent;
4. documents currently on the defendants' Privilege Log which clearly were created prior to any possible knowledge of impending litigation; and
5. all responsive catalogs.

*Id.*

Generally, the defendants argue the plaintiff failed to make sincere attempts to resolve the issues presented in the plaintiff's motion to compel. Further, the defendants argue the plaintiff failed to sufficiently describe any outstanding discovery with enough particularity to require supplemental disclosures. These, and the defendants' other objections, will be discussed below.

3

### 1. Attempts to Confer

The motion states the plaintiff's counsel made unsuccessful attempts to resolve the discovery disputes including a telephone conference between counsel on September 12, 2007, seven days before filing the motions to compel. **See** Filing Nos. 62, 65. The record also contains several letters exchanged by counsel regarding discovery issues.

NECivR 7.1(i) states:

> To curtail undue delay in the administration of justice, this court will not consider any discovery motion unless counsel for the moving party, as part of the motion, shows in writing that after **personal consultation** with counsel for opposing parties and **sincere attempts** to resolve differences, they are unable to reach an accord. This showing shall also recite the **date, time and place of such conference** and the **names of all persons** participating in them.

**See** NECivR 7.1(i) (emphasis added); **see also** NECivR 7.1(i)(1) (defining personal consultation). The Federal Rules of Civil Procedure also require good faith efforts by the moving party to resolve the dispute, prior to filing a motion to compel or for protective order, the absence of which precludes the issuance of an award of expenses. **See** Fed. R. Civ. P. 37(a)(4).

The court finds the plaintiff has made an adequate showing pursuant to NECivR 7.1(i) to allow the court to consider the plaintiff's motion. The court will analyze each discovery issue separately with regard to sanctions or an award of expenses.

### 2. Form of Production

The plaintiff seeks an order compelling the defendants "to serve written responses to Requests for Production of Documents which organize and label the documents in accordance with Rule 34." **See** Filing No. 93 - Reply Brief p. 12. The plaintiff states the defendants have produced over 1,200 Bates-numbered documents, however the defendants failed to specify which documents are responsive to which requests. **See** Filing No. 64 - Brief p. 3. The plaintiff argues the defendants "belatedly pointed out some documents it claims are responsive to some Requests." **Id.** (emphasis in original). In response to the plaintiff's concern, the defendants provided a "list of examples of

documents produced in response to the specific document requests raised" by the plaintiff. **See** Filing No. 63 Ex. 8 - Zerger Sept. 14, 2007 letter.  As relevant here, the letter specifically listed documents by Bates numbers responsive to Request for Production Nos. 3-4, 7-8, 10-11, and 13-16.  *Id.*  The plaintiff maintains he should not be required to guess which documents are responsive to which requests.  **See** Filing No. 93 - Reply Brief p. 7.

Federal Rule of Civil Procedure 34(b)(2)(E)(i) states:

> A party must produce documents as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request.

It appears the defendants, in their September 14, 2007 letter, attempted to provide the plaintiff with a listing, as requested.  However, the defendants stated the listing was by way of an example of responsive documents.  The defendants' response to the request for production, even combined with the letter, fall short of compliance with Rule 34's "organize and label" requirement.  **See** *Wagner v. Dryvit Sys., Inc.*, 208 F.R.D. 606, 610 (D. Neb. 2001) (noting "producing large amounts of documents in no apparent order does not comply with a party's obligation under Rule 34"); **see also** *Stiller v. Arnold*, 167 F.R.D. 68, 70-71 (N.D. Ind. 1996) (sanctions awarded when party produced 7000 pages which were not organized or labeled for inspection).  There is no evidence or argument by the defendants that such documents were produced as they were kept in the ordinary course of business.  The defendants have failed to meet their burden of complying with Rule 34. **See** *Johnson v. Kraft Foods N. Am., Inc.*, 236 F.R.D. 535, 540-41 (D. Kan. 2006) (party failing to meet his burden of showing documents were produced as kept in the usual course of business required to identify by Bates number which documents were responsive to each request).  Accordingly, the defendants shall provide a listing of the documents produced organized to correspond with the categories in the requests.

The plaintiff shows compliance with Rule 37(c) with regard to good faith attempts to resolve this issue prior to court involvement.  The defendants' September 14, 2007 letter was in response to an earlier e-mail and telephone conversation between the parties.  The letter references the Rule 34 production format requirement.  Even if the substance of the parties' communications were about specific document requests rather than the general

5

format of the defendants' response, it appears compliance with the rule may have prevented many of the discovery issues raised here.

### 3. Electronically Stored Information

The plaintiff states the defendants have been slow and evasive about disclosing information about their electronically stored data. Federal Rule of Civil Procedure 26(f)(3) requires the parties to discuss any issues related to preserving and producing electronically stored information, "including the form or forms in which it should be produced." **See** Fed. R. Civ. P. 26(f)(3)(C). The plaintiff contends the defendants fail to provide information about "preservation of information, or the breadth thereof, that may be responsive to the litigation." **See** Filing No. 64 - Brief p. 2. The plaintiff argues the information, which is required under the Federal Rules, is especially important because the defendants have "flatly failed and/or refused to provide any electronic documents, other than financial records." *Id.* at p. 3. Particularly, the plaintiff states the defendants have "produced almost no e-mails written, received, or exchanged relating to the Kellogg patent, the Nike patent, . . . or anything else." *Id.*

On September 12, 2007, counsel for the parties spoke about the plaintiff's position regarding electronically stored data. On September 12, 2007, the defendants provided the plaintiff with a listing of "some" of their sources of such data and stated, they have "conducted reasonable searches of each of these sources," but the listing of the sources "should in no way be construed as a representation that these sources contain relevant or responsive information that has not already been provided to you." **See** Filing No. 63, Ex. 6 - Starr Sept. 12, 2007 Letter. The defendants also stated they agreed to work with the plaintiff to disclose information about the defendants' document retention policies in response to the plaintiff's discovery requests. *Id.* In response, the plaintiff stated, "Rule 26 requires you, inter alia, to disclose how Nike has preserved electronically stored information which may be relevant to the litigation." *Id.* Ex. 7 - Kane Sept. 12, 2007 E-mail. The plaintiff also referenced discovery requests for document and record retention policies. *Id.* On September 13, 2007, the defendants agreed to "provide documents related to

6

Nike's general document retention policies . . . by early next week." **Id.** Ex. 7 - Starr Sept. 13, 2007 E-mail.

On September 18, 2007, the plaintiff informed the defendants the motion to compel would be filed the next day. **See** Filing No. 84, Ex. C - Kane Sept. 18, 2007 E-mail. In response, the defendants requested more information about the motion in an apparent attempt to resolve any outstanding issues and because they thought the parties had "resolved them late last week" in light of the defendants' supplementation of production. **Id.** Starr Sept. 19, 2007 E-mail. The plaintiff stated, "As for our Motion to Compel, I told you I would let you know whether we would file one. I did not agree to meet and confer–again–nor do the Rules require that we do so." **Id.** Kane Sept. 19, 2007 E-mail. The motion to compel was filed on September 19, 2007. **See** Filing No. 62.

On September 25, 2007, the plaintiff deposed a Rule 30(b)(6) witness regarding the defendants' policy for retention of electronic documents. The deponent also produced documentation of Nike's electronic document retention policy. **See** Filing No. 80 - Brief p. 12. The plaintiff does not now dispute he has all the information sought with regard to the defendants' information about the manner of storing electronic documents. Although the plaintiff's reply brief raises an issue about the scope of the defendants' search through electronically stored documents for the purpose of responding to specific document requests, that secondary issue was not raised in the initial motion to compel and will not be resolved here. Accordingly, the court will not compel the defendants to supplement their responses regarding Rule 26(f)(3) requirements. Because the plaintiff failed to make good faith efforts to resolve this issue prior to filing the instant motion to compel and because the defendants remained willing to produce the requested information, no sanctions will be awarded to the plaintiff in relation to this issue. The defendants responses to specific requests for production will be discussed below.

### 4. Privilege Log

The plaintiff seeks to compel the defendants to produce documents from the privilege log "which clearly were created prior to any possible knowledge of impending litigation." **See** Filing No. 64 - Brief p. 8. On August 29, 2007, the plaintiff sent the

defendant a letter stating the plaintiff was concerned about a single privilege log entry covering documents with Bates numbers 584-587, 607-610, 613-616, 635, 659-661.  **See** Filing No. 63, Ex. 1 - Kane Aug. 29, 2007 Letter.  The plaintiff states "these documents were apparently authored between January 28, 2003 and May 17, 2007."  ***Id.***  The documents were placed on the privilege log under the category description of "portions of outside counsel's prosecution file re: Taguchi's patent application."  ***Id.***  After discussions between counsel, the defendants separated the documents into fifteen entries.  **See *id.*** Ex. 11 - Privilege Log.  The entries are described as "attorney notes" and letter or memo "re: Taguchi patent."  ***Id.***  Based on these descriptions, the defendants contend the documents are subject to the attorney-client privilege or work product doctrine, precluding production.

The plaintiff contends the defendants inappropriately rely on privilege.  The plaintiff argues the documents cannot be protected work product because they were generated before the threat of litigation.  Additionally, the plaintiff asserts the documents cannot be protected as attorney-client privilege because the underlying facts are not privileged.

As an initial matter, the defendants state the plaintiff did not confer about the propriety of any particular entry on the privilege log prior to filing the motion to compel.  However, it is clear the plaintiff raised his general concerns, as raised in the motion, before bringing the matter to the court.  The plaintiff does not raise arguments addressing particular entries but states, "[o]ther entries on Nike's Privilege Log appear to be inappropriately claims as privileged."  **See** Filing No. 93, Reply Brief p. 8.  For purposes of this motion, the court will evaluate the privilege asserted with regard to the entries listed in the plaintiff's August 29, 2007 correspondence.

Parties may discover any relevant, unprivileged information that is admissible at trial or is reasonably calculated to lead to admissible evidence.  **See** Fed. R. Civ. P. 26(b)(1).  Because they reduce the amount of information discoverable during the course of a lawsuit, the attorney-client privilege and, to an even greater extent, the attorney work-product doctrine are narrowly construed.  **See *Ross v. City of Memphis***, 423 F.3d 596, 600 (6th Cir. 2005); ***In re Grand Jury Subpoenas***, 454 F.3d 511, 520 (6th Cir. 2006).  The federal common law of attorney-client privilege applies to this civil federal question case.  **See *In re Bieter Co.***, 16 F.3d 929, 935 (8th Cir. 1994).

The party asserting a privilege to prevent disclosure of information bears the burden of establishing the privilege. ***United States v. Hatcher***, 323 F.3d 666, 675 (8th Cir. 2003); ***Rabushka ex rel. U.S. v. Crane Co.***, 122 F.3d 559, 565 (8th Cir. 1997) (holding party "met its burden of providing a factual basis for asserting the privileges when it produced a detailed privilege log stating the basis of the claimed privilege for each document in question, together with an accompanying explanatory affidavit of its general counsel"). Accordingly, the defendants must show all five of the following requirements are met.

> [T]he attorney-client privilege is applicable to an employee's communication if (1) the communication was made for the purpose of securing legal advice; (2) the employee making the communication did so at the direction of his corporate superior; (3) the superior made the request so that the corporation could secure legal advice; (4) the subject matter of the communication is within the scope of the employee's corporate duties; and (5) the communication is not disseminated beyond those persons who, because of the corporate structure, need to know its contents.

***Diversified Indus., Inc.***, 572 F.2d 596, 609 (8th Cir. 1977) (en banc).

The privilege log specifies that each document was authored by Laurence Bond, a patent attorney with the law firm TraskBritt P.C., or at his direction. Additionally, each document was sent to Katie Maksym and/or Carolyn Gutsick, who are in-house Patent Specialist and Litigation Specialist, respectively, for the defendants. The documents are dated between 2002 and 2003, with one document dated in 2007. The record shows Ms. Maksym and Ms. Gutsick worked with Mr. Bond regarding prosecution of a patent application and regarding legal advice related to the plaintiff's infringement allegations.

Contrary to the plaintiff's assertion, the dates of the documents do not control the analysis. The court must still determine whether "the overall tenor of the documents indicates that it is a request for legal advice or services." ***In re Spaulding Sports Worldwide, Inc.***, 203 F.3d 800, 806 (Fed. Cir. 2000). In this instance, the defendants have shown the documents at issue are subject to the attorney-client privilege based on the five factors outlined in ***Diversified*** and in reliance on the general principles in patent matters. Generally, "an invention record constitutes a privileged communication, as long as it is provided to an attorney for the purpose of securing primarily legal opinion, or legal services,

9

or assistance in a legal proceeding." ***In re Spaulding Sports Worldwide, Inc.***, 203 F.3d 800, 805 (Fed. Cir. 2000) (internal quotation and citation omitted).

Because the defendants have met their burden of establishing the attorney-client privilege, the court need not address the claim under the work-product doctrine. Further, the plaintiff fails to rebut the defendants' showing of privilege. Accordingly, the defendants need not supplement the privilege log or their production with regard to documents with Bates numbers 584-587, 607-610, 613-616, 635, 659-661.

### 5. Product Catalogs

The plaintiff seeks copies of product catalogs from the defendants. The plaintiff contends the defendants have previously agreed to produce the catalogs, which are readily available. In support of the plaintiff's position he cites two letters. On August 29, 2007, counsel for the defendants stated:

> Third, in response to your request that Nike produce yearly catalogs from 1997 through 2007, my understanding of our conversation differs slightly from your understanding as stated in your letter. I stated that I would check to see whether Nike had any such relevant catalogs that are responsive to your pending discovery requests and that have not already been produced.

**See** Filing No. 63, Ex. 14 - Zerger Aug. 29, 2007 Letter.

Later, in response to the plaintiff's request for information about electronically stored documents, counsel for the defendants stated, "Some of Nike's sources of electronically-stored documents and information are: . . . 6. Nike's Intranet (on which .pdf copies of product catalogs are stored)." ***Id.*** Ex. 6 - Starr Sept. 12, 2007 Letter.

The defendants argue the catalogs sought by the plaintiff are sought in an attempt to determine additional products to accuse of infringement. The defendants state they have produced a multitude of documents regarding products the plaintiff has actually accused of infringement, but documents related to unaccused products is irrelevant. Therefore, the defendants contend the request is for an improper purpose citing Fed. R. Civ P. 26(g) and ***Micro Motion, Inc. v. Kane Steel Co., Inc.***, 894 F.2d 1318 (Fed. Cir. 1990).

The *Micro Motion* court explained that

> were suit brought against [the nonparty competitor] on a mere suspicion of infringement, discovery would not be allowed based on an allegation alone. "A bare allegation of wrongdoing . . . is not a fair reason for requiring a defendant to undertake financial burdens and risks to further a plaintiff's case." ***Oppenheimer Fund, Inc. v. Sanders***, 437 U.S. 340, 363, 98 S.Ct. 2380, 2395, 57 L.Ed.2d 253 (1978). The discovery rules are designed to assist a party to prove a claim it reasonably believes to be viable *without discovery*, not to find out if it has any basis for a claim. That the discovery might uncover evidence showing that a plaintiff has a legitimate claim does not justify the discovery request.

*Micro Motion*, 894 F.2d at 1327 (internal citations omitted) (emphasis in original).

The plaintiff argues the catalogs are necessary for the plaintiff to identify infringing products by style number (or other identifier) because the defendants will not otherwise produce discovery on allegedly infringing products. In particular, the plaintiff expected to accuse every cap made, used or sold by the defendants similar to the DRI-FIT Featherlite cap or with a design derived from the Nike '178 Patent. However, the defendants declined to provide discovery for as yet unaccused products. The plaintiff states its search of the defendants' products in public databases has yielded some of the information sought, but the research is incomplete and contradictory without data in sole control of the defendants.

The evidence in this matter shows the plaintiff does not seek the catalogs to determine *whether* the defendants have an infringing product, but to identify *which products* match a particular description - caps made, used and sold by the defendants which incorporate the accused four-vent design. This is not the "unmoored and trolling" expedition denounced in *Micro Motion*, but an attempt by the plaintiff to identify specific caps after the plaintiff made a reasonable inquiry into the defendants' products and has shown more than a mere suspicion of infringement. Accordingly, the defendants shall supplement their discovery to include all Nike product catalogs for the years 1997 through 2007.

### 6. Request for Production Nos. 3, 4, 7-11, and 13-16

The plaintiff argues these requests seek relevant unprivileged information relating to (1) the defendants' knowledge of the Kellogg '190 Patent; (2) the Nike '178 Patent; and (3) Nike's DRI-FIT Featherlite hats. Request for Production Nos. 3, 7 and 8 seek discovery "pertaining to the allegations and assertions of Plaintiff's Complaint and Defendants' Answer, Affirmative Defenses and Counterclaims." **See** Filing No. 63, Ex. 12 p. 6 & 8. Request for Production No. 4 states:

> Identify and produce all patents, documents, drawings, art, electronically stored information, books, correspondence, memoranda, diagrams, maps, charts, videotapes, photographs and agreements reviewed by any employee, agent, or representative of Defendants, or attorney retained by Defendants, during the design, development, application or review of the design claimed and described in U.S. Patent No. 475,178.

**See** Filing No. 63, Ex. 12 p. 6.

Request for Production No. 9 seeks production of documents that defendants sent to or received from the plaintiff. **See** Filing No. 63, Ex. 12 p. 9. Request for Production Nos. 10, 11 and 13-16 seek production of documents that defendants sent, received or reviewed relating to Nike DRI-FIT Featherlite hats/caps, the Nike '178 Patent, or the Kellogg '190 Patent. **See** Filing No. 63, Ex. 12 p. 9-11. The defendants objected to many of the requests stating such information was equally available to the plaintiff. Additionally, the defendants objected on the bases of overbreadth, undue burden, attorney work product and/or attorney-client privilege, vagueness, ambiguity and lack of relevance. *Id.* p. 6-7. However, the defendants agreed they "will produce non-privileged documents responsive to [these] Request[s], to the extent such documents exist." *Id.* p. 7.

In the plaintiff's initial brief, the plaintiff states: "Nike has produced virtually no e-mails, correspondence, or interoffice communications dealing with the Kellogg patent, the development of the Nike product, and Nike's knowledge of the Kellogg patent. Specifically, Request Nos. 3, 4, 7-11, 13- 16 each seek such information, but Nike has produced a

dearth of responsive documents." **See** Filing No. 64, Brief p. 4.[2] The plaintiff outlined the attempts to secure documents, the defendants' agreement to produce, and the defendants piecemeal supplementation with additional documents. Finally, the plaintiff contends any claim of privilege is nonsense because the defendants have not objected to production of the Nike '178 Patent inventor for deposition. **See** Filing No. 93, Brief p. 11.

In the defendants' response to the motion to compel, the defendants state they never agreed to produce responsive documents because the defendants have not represented that they have responsive documents. **See** Filing No. 80, Brief p. 14. Additionally, the defendants contend the plaintiff has failed to state what, if any, documents are lacking given the large number of documents already produced. The defendants explain they have very few e-mails regarding the Kellogg '190 Patent and have not found, despite an expanded, yet reasonable search, any pre-October 2004 e-mails or other electronically stored information that refers or relates to the plaintiff or the Kellogg '190 Patent. *Id.* p. 13. The defendants explain their e-mail back-up tapes are automatically overwritten every 14 days and other potentially relevant documents (i.e., from the plaintiff) are not stored, but returned to the designers. *Id.;* Filing No. 100, Brief p. 3-4. The defendants state that after October 2004, several responsive, yet privileged, documents exist, as listed on the privilege log. Further, the defendants argue the Nike '178 Patent is irrelevant to this case because the relevant issue is whether Nike products infringe on the Kellogg '190 Patent. In any event, the defendants state they agreed to produce Mr. Taguchi for deposition because he is the designer for some of the accused products, not because he is the named inventor for the Nike '178 Patent. **See** Filing No. 100, Brief p. 4. Finally, the defendants assert the documents related to the development of the Nike products designed and pertaining to the Nike '178 Patent are protected by the attorney-client and/or work product privileges.

---

[2] As part of the motion to compel, the plaintiff separately seeks responses to the enumerated requests for production and all documents and electronically stored information constituting e-mails, correspondence, or interoffice communications dealing with the Kellogg '190 patent, the development of the Nike products designed and pertaining to the Nike '178 patent. **See** Filing No. 64, Brief p. 8 ¶¶ 2, 5. This information is indistinguishable and will be discussed together. **See** Filing No. 93, Brief p. 9.

### a. Existence of Responsive Documents

The plaintiff argues the defendants' claim that document searches have been "reasonable in scope" is an insufficient response to discovery. The plaintiff also states "[i]t is incredible that Kellogg's patented design submission and any correspondence relating thereto was not kept by Nike. If this is the case, then Nike should submit a sworn statement to that effect." **See** Filing No. 93, Brief p. 6. Although the plaintiff does not believe the defendants have no pre-2004 responsive documents, the plaintiff contends the defendants should have evidence from 2005 forward because a "litigation hold" notice was issued to prevent the destruction of documents relating to the plaintiff's claims. Alternatively, the plaintiff contends the defendants must show additional searches are "not possible" or "unduly burdensome."

The manner and format of the defendants' production complicates the issues surrounding these document requests. The defendants maintain that they did not represent responsive documents exist when they stated they would produce any non-privileged responsive documents. However, it is unclear which documents produced relate to which requests. Compliance with this order regarding the organization of responsive documents should resolve some ambiguity about whether the defendants have produced any responsive documents to particular requests and which, if any, of the objections, otherwise noted, apply. Further, to the extent the defendants do not have any responsive documents, they shall so state.

The defendants maintain they have conducted reasonable searches of particular data sources for responsive documents. **See, e.g.**, Filing No. 63, Ex. 6 - Starr Sept. 12, 2007 Letter. The defendants site their large size and sheer volume of sources as a reason for limited searching. *Id.* The party opposing a motion to compel has the burden of showing its objections are valid by providing specific explanations or factual support as to how each discovery request is improper. ***St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp.***, 198 F.R.D. 508, 511-12 (N.D. Iowa 2000) (objecting party has the burden to substantiate its objections). Bare assertions that discovery requested is overly broad, unduly burdensome, oppressive or irrelevant are ordinarily insufficient to bar production. *Id.* "The party resisting discovery must show specifically how . . . each interrogatory [or

request for production] is not relevant or how each question is overly broad, burdensome or oppressive." *Id.* (citations omitted). The party resisting discovery has the burden to show facts justifying its objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome. **See *Wagner v. Dryvit Sys., Inc.***, 208 F.R.D. 606, 610 (D. Neb. 2001). This imposes an obligation to provide sufficient detail and explanation about the nature of the burden in terms of time, money and procedure required to produce the requested documents. **See *id.*** The District Court "enjoys considerable discretion over discovery matters" and may limit the scope of discovery, if it has a good reason to do so. ***Burlington Ins. Co. v. Okie Dokie, Inc.***, 368 F. Supp. 2d 83, 86 (D. D.C. 2005).

Rather than providing a factual basis for the scope of the defendants' search, the defendants describe why they do not have additional responsive documents. For example, the defendants explain the defendants do not retain design patents submitted by third parties. **See** Filing No. 100, Brief p. 3. The court finds the defendants' explanation is sufficient, in connection with a more detailed explanation of production as otherwise ordered herein. The plaintiff cannot identify any particular document or category of missing documents based on evidence aside from his own incredulity. If, however, gaps evolve after the defendants' supplementation of production, the plaintiff may revisit the issue related to the reasonableness of the defendants' search.

### b.    Relevance

The plaintiff has the burden of making a threshold showing of relevance regarding the discovery sought. The plaintiff contends the Nike '178 Patent, its drawings, etc., are relevant to ascertain the particular Nike products which are accused of infringement. The plaintiff also contends information about the Kellogg '190 Patent and the development of the Nike '178 Patent are relevant to the defendants' knowledge of the plaintiff's design.

The defendants maintain the Nike '178 Patent is not relevant to this action or any of the claims or defenses. The defendants contend the only relevant patent is the patent-in-suit, the Kellogg '190 Patent, and any accused Nike products. The defendants specifically deny the Nike '178 Patent is relevant to the plaintiff's claim of willful

infringement because the defendants' state of mind is irrelevant to the analysis. **See *In re Seagate Technology, LLC***, 497 F.3d 1360, 1371 (Fed. Cir. 2007).

The court finds the plaintiff has failed to show the production sought with regard to the Nike '178 Patent (e.g., as in Request for Production No. 4) is relevant to any claim or defense in this action. Neither the plaintiff's infringement claims, nor the defenses and counterclaims rely on the Nike '178 Patent. Until a claim or defense reasonably relies on nonpublic information related to the Nike '178 Patent or its substance, the court will not require production of documents or other evidence which seeks to delve into the Nike '178 Patent origin and process.

In contrast, the information sought by the plaintiff regarding products designed based on the Nike '178 Patent are relevant here. The plaintiff has accused the defendants' products, which use a particular design of infringement. While the plaintiff alleges the particular product design infringes on the Kellogg '190 Patent, the plaintiff notes such design is derived from the Nike '178 Patent, therefore any other products derived from the Nike '178 Patent are also (or may also) be allegedly infringing. In this respect, production regarding the development of the Nike products designed and pertaining to the Nike '178 Patent are relevant to the instant action. The defendants have provided no other principled reason for the preclusion of such discovery. The defendants shall supplement their discovery responses to include responsive production.

### c.     Privilege

The plaintiff argues the defendants' claim of privilege for the Nike '178 Patent and prosecution records "makes no sense." Further, the plaintiff states that if the defendants claim privilege, the privilege log should reflect which documents and for which requests for production such privilege relates.

> Communications relating to the prosecution of a patent application are considered to be seeking legal advice or services despite the fact that such communications might contain other information that is tangential to the legal services involved with patent prosecution. All aspects of patent prosecution; that is, from patentability determinations to

> drafting patent applications to amending patent applications, have been held to constitute the practice of law.

***Sanofi-Synthelabo v. Apotex Inc.***, 299 F. Supp. 2d 303, 307 (S.D.N.Y. 2004) (**citing *Sperry v. State of Florida ex rel. The Florida Bar***, 373 U.S. 379, 383 (1963); ***In re Spalding Sports Worldwide, Inc.***, 203 F.3d 800, 805-06 (Fed. Cir. 2000).

The court finds the defendants have met their burden of showing the documents sought by the plaintiff with regard to the Nike '178 Patent (e.g., as in Request for Production No. 4) are privileged. The plaintiff has failed to show why any particular document sought should not be granted such privilege or falls outside the attorney work product doctrine or attorney-client privilege. For these reasons, the plaintiff's motions to compel such production are denied. However, to the extent the defendants' privilege log does not contain a listing of all responsive documents, the defendants shall update the privilege log.

### 7.    Sanctions

With regard to motions to compel discovery responses, under Federal Rule of Civil Procedure 37(a)(5)(C): "If the motion is granted in part and denied in part, the court . . . may, after affording an opportunity to be heard, apportion the reasonable expenses for the motion." The Advisory Committee Notes to the 1970 Amendments to Rule 37 indicate that, on many occasions, "the dispute over discovery between the parties is genuine, though ultimately resolved one way or the other by the court. In such cases, the losing party is substantially justified in carrying the matter to court." **See** Fed. R. Civ. P. 37(a)(4) Advisory Committee Notes (1970). "[T]he rules should deter the abuse implicit in carrying or forcing a discovery dispute to court when no genuine dispute exists." ***Id.***

Although based on the defendants' conduct, the plaintiff filed a motion to compel, the court finds the defendants' initial responses to discovery were, in part, substantially justified. The court granted the plaintiff's motion to compel only in part and found the defendants' objections and responses to certain discovery to be sufficient. Under the circumstances, the court does not find the imposition of sanctions to be warranted and will not assess sanctions against either party with regard to the plaintiff's motions to compel.

**B.     Motion for Protective Order**

The defendants initially filed a brief (Filing No. 69) in support of its motion. After a telephone conference between the undersigned magistrate judge and counsel for the parties, the defendants filed a supplemental brief (Filing No. 78) and an index of evidence (Filing No. 79) in support of the motion for protective order. The plaintiff filed a brief (Filing No. 89) and an index of evidence (Filing No. 90) in opposition to the defendants' motion. The defendants filed a reply brief (Filing No. 91) and an index of evidence (Filing No. 92) in support of their motion for a protective order.

The defendants seek to prevent the depositions of Julianne Davis, Katie Makysm and Carolyn Gutsick. **See** Filing No. 68. Ms. Davis is an in-house attorney for the defendants. Ms. Makysm and Ms. Gutsick are "subordinates of and work at the direction of Nike in-house attorneys." **See** Filing No. 78 - Supplemental Brief p. 1. The defendants further request an order protecting the defendants from producing witnesses pursuant to Topics 9, 11, 12, and 16 of plaintiff's Amended Rule 30(b)(6) deposition notices (Filing Nos. 58-61).

> 9.   The design, development, application, or review of the design claimed and described in U.S. Design Patent No. 475,178.
> 11.  Defendants' products which utilize and/or base their design claimed or described in U.S. Design Patent No. 475,178.
> 12.  Information regarding the sale, manufacture, and/or distribution of Defendants' "Nike DRI-FIT Featherlite" hats/caps and any other products utilized and/or based on the design claimed or described in U.S. Design Patent No. 475,178, including but not limited to any financial information relating to any sales.
> 16.  All opinions, statements, communications, investigations or reports, whether written or oral, Defendants have sought or received, relating directly, or indirectly, to the Taguchi U.S. Design Patent No. 475,178.

**See** Filing No. 61 (Amended Rule 30(b)(6) notice) (other topics omitted).

The defendants contend any information sought from the proposed deponents is privileged, not relevant, or requires only a legal conclusion. Specifically, the defendants

argue the plaintiff failed make the showing required under **Sheldon** for the deposition of opposing counsel. Additionally, the defendants argue any information sought about the Nike '178 patent is irrelevant and privileged pursuant to applicable law from the Federal Circuit. Finally, the defendants contend the plaintiff impermissibly seeks legal conclusions.

Based on the court's discussion above regarding relevance and privilege, the court also concludes the defendants' motion for a protective order should be granted with regard to Topics 9 and 16 of plaintiff's Amended Rule 30(b)(6) deposition notices, but denied as to Topics 11 and 12. Furthermore, the same analysis applies to the deposition notices of Julianne Davis, Carolyn Gutstick and Katie Maksym. The plaintiff has failed to show that, at this time, any of the information sought of these witnesses is either relevant or non-privileged. **See *Shelton v. American Motors Corp.*,** 805 F.2d 1323, 1328 (8th Cir. 1986). For these reasons, the defendants' motion for protective order will be granted with regard to these witnesses. Upon consideration,

**IT IS ORDERED:**

1. The plaintiff's Motion to Compel Responses to Plaintiff's Request for Production of Documents and Request for Immediate Hearing (Filing No. 62), the plaintiff's amended motion (Filing No. 65) are granted in part and denied in part. The defendants shall have to **on or before January 25, 2008**, to supplement their discovery to provide:

   (a)   a listing of the documents produced organized to correspond with the categories in the requests, to the extent the defendants do not have any responsive documents to particular requests, they shall so state.

   (b)   all Nike product catalogs for the years 1997 through 2007; and

   (c)   the information sought by the plaintiff regarding products designed based on the Nike '178 Patent.

In all other respects the plaintiff's motions are denied.

2. The defendants' Emergency Motion For Protective Order On Deposition Notices of (1) Julianne Davis (2) Carolyn Gutstick, (3) Katie Maksym, and (4) Defendants, Pursuant to Rule 30(b)(6) (Filing No. 68) is granted in part and denied in part. The defendants' motion is granted with respect to Topics 9 and 16 of plaintiff's Amended Rule

19

30(b)(6) deposition notices.  Additionally, the defendants motion is granted with respect to the depositions of Julianne Davis, Katie Makysm and Carolyn Gutsick.  The defendants' motion for protective order is denied in all other respects.

## ADMONITION

Pursuant to NECivR 72.2 any appeal of this Order shall be filed with the Clerk of the Court within ten (10) business days after being served with a copy of this Order.  Failure to timely appeal may constitute a waiver of any objection to the Order.  The brief in support of any appeal shall be filed at the time of filing such appeal.  Failure to file a brief in support of any appeal may be deemed an abandonment of the appeal.

DATED this 26th day of December, 2007.

BY THE COURT:

 s/Thomas D. Thalken
United States Magistrate Judge