IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GERALD A. KELLOGG, an Individual, | ) | |
| | ) | |
| Plaintiff, | ) | 8:07CV70 |
| | ) | |
| v. | ) | |
| | ) | |
| NIKE, INC., an Oregon Corporation, and NIKE USA, INC., an Oregon Corporation, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the following motions: (1) a motion filed by defendants Nike, Inc. and Nike USA, Inc. (hereinafter, collectively "Nike") for summary judgment on the issue of willfulness and for summary judgment with respect to plaintiff's affirmative defenses, Filing No. 140; (2) plaintiff Gerald A. Kellogg's motion for partial summary judgment on Nike's affirmative defenses, Filing No. 143; (3) Nike's motion for a summary judgment of noninfringement, Filing No. 146; (4) Kellogg's motion to preclude the use of certain evidence at trial, Filing No. 150; and (5) Nike's motion to strike plaintiff's responses, Filing No. 188.[1]

In his amended complaint, the plaintiff alleges that some of the defendants' products infringe Kellogg's 1997 U.S. Design Patent No. 384,190 (the "Kellogg '190 patent"), which

---

[1]Also pending are plaintiff's motions for leave to supplement the record, Filing Nos. 214 & 221, and supplement thereto, Filing No. 224 (correcting a clerical error). Kellogg asks the court to consider a supplemental brief and additional evidence in opposition to Nike's motions for summary judgment. Filing Nos. 214 & 221. Kellogg submits excerpted deposition testimony of Jerry Boquist, the Declaration of Timothy J. Ryan, and the amended declaration of Timothy J. Ryan. See Filing No. 216, Index of Evid., Part 3, Ex. 2, Boquist Dep.; Filing No. 223, Index of Evid., Part 3, Ex. 2, Ryan Decl.; Filing No. 224, Supplement, Part 3, Ex. 2 Amended Ryan Decl. Nike opposes the motion. Filing No. 247. In the interest of justice, the court finds the motions should be granted and the court has considered the additional evidence to the extent that it is relevant. The supplemental pleadings will be deemed filed instanter.

relates to the invention of an ornamental design for a vented baseball-styled cap. *See* Filing No. 15, Amended Complaint. Nike denies infringing the patent and asserts the affirmative defenses of anticipation, obviousness, and unpatentability. Filing No. 18, Answer and Counterclaim. It further assets that Kellogg's claim is barred by the doctrines of laches and estoppel and also claims a defense of good faith to the claim of willful infringement. *Id.* Nike has also filed a counterclaim seeking a declaration of noninfringement of the '190 patent, and well as a declaration of invalidity. *Id.* In reply to the counterclaim, plaintiff asserts the affirmative defenses of estoppel, waiver and laches. Filing No. 19.

### 1. Nike's motion for partial summary judgment (Filing No. 140)

In its motion, Nike moves for summary judgment in its favor on plaintiff's claim of willful infringement and on plaintiff's affirmative defenses of waiver, estoppel, failure to state a claim, and laches. Nike contends that uncontroverted evidence shows that it is entitled to judgment as a matter of law on these claims.

Under 35 U.S.C. § 284, a court finding infringement may award enhanced damages up to three times the amount of actual damages on "a showing of willful infringement." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1368 (Fed. Cir. 2007) (en banc). Under *Seagate*, "proof of willful infringement permitting enhanced damages requires at least a showing of objective recklessness." *Id.* at 1371. "[T]o establish willful infringement, a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." *Id*. A high risk of harm, objectively assessed, is the essence of this inquiry and the state of mind of the accused infringer is not relevant to the inquiry. *Id.* If the objective standard is satisfied, the

patentee must also demonstrate that this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or was so obvious that it should have been known to the accused infringer. *Id.* Legitimate defenses to infringement claims and credible invalidity arguments demonstrate the lack of an objectively high likelihood that a party took actions constituting infringement on a valid patent. *[Black & Decker, Inc. v. Robert Bosch Tool Corp.](#), 260 Fed. App'x 284, 291 (Fed. Cir. 2008)*.

Both parties have submitted evidence on the issue. Filing Nos. [142](#) & [170](#). The court has reviewed the evidence and finds, as further discussed below in connection with Nike's motion for a summary judgment of noninfringement, that the evidence does not establish, as a matter of law, that Nike's defenses are legitimate or that its invalidity arguments are credible. The evidence shows that Kellogg communicated with Nike concerning the patented design beginning in 1997. Filing No. 170, Index of Evidence, Parts 2 & 3, Exs. A & B. Kellogg has also presented evidence that shows there are genuine issues of material fact on the questions of whether Nike solicited or followed the advice of counsel and whether Nike continued to infringe after it received notice of probable infringement. Also, the degree of similarity between the patented and accused items presents an issue of fact for the jury to decide. Patented and accused designs do not have to be identical in order for design patent infringement to be found. *[Arminak and Associates, Inc. v. Saint-Gobain Calmar, Inc.](#), 501 F.3d 1314, 1320 (Fed. Cir. 2007)*.

With respect to the plaintiff's affirmative defenses, Nike argues that the court should determine, as a matter of law, that Kellogg's affirmative defenses to Nike's counterclaim seeking a declaration of invalidity of the Kellogg '190 patent are unavailable. It argues that the magistrate judge "already has ruled [Nike's '178 patent and its prosecution history] is

not relevant to any claim or defense in this case." Filing No. 141, Nike's brief at 2. Nike misstates the magistrate judge's ruling. In ruling on a motion to compel production of certain nonpublic documents related to the Nike '178 patent, asserted to be protected by either attorney-client or work-product privilege, the magistrate judge found only that Kellogg make a showing of the documents' relevance. Filing No. 126, Order at 16 (stating that "until a claim or defense reasonably relies on <u>nonpublic</u> information related to the Nike '178 patent or its substance, the court will not require production of documents or other evidence which seeks to delve into the Nike '178 Patent origin and process.") (emphasis added). The magistrate judge explicitly found that information regarding products designed under the Nike '178 patent is relevant. *Id.* In any event, a decision as to the admissibility, relevance, or probative value of evidence of Nike's allegedly inconsistent positions with respect to the Kellogg '190 and Nike '178 patents is premature at this time and is more properly the subject of an objection at trial. The court finds that Nike's argument that the magistrate judge's ruling entitles it to summary judgment in its favor on Kellogg's equitable defenses is without merit. Accordingly, Nike's motion for summary judgment will be denied.

2. **Kellogg's motion for partial summary judgment on Nike's affirmative defenses (Filing No. 143)**

Kellogg first asserts that Nike has abandoned the defenses of failure to state a claim (First Affirmative Defense), laches (Fourth Affirmative Defense), and estoppel (Fifth Affirmative Defense). Additionally, Kellogg asserts that Nike has not tendered evidence sufficient to support its assertion of good faith conduct and actions of due care (Sixth Affirmative Defense) to Kellogg's claim of willful infringement. Kellogg asserts that, if it can

prove both infringement and willfulness at trial, Nike should be precluded from asserting a "good faith" affirmative defense.

Nike acknowledges that it has withdrawn its affirmative defenses of laches, estoppel and failure to state a claim. Filing No. 171, Nike's brief at 1. In connection with the "good faith" issue, both parties reassert the arguments presented in connection with Nike's motion for summary judgment on willfulness. Kellogg argues that Nike is attempting to assert an advice-of-counsel defense without waiving its privilege regarding counsel's opinions. Nike argues that the law no longer imposes an affirmative duty of due care on an alleged infringer and asserts that it offered to amend its answer to omit the defense, but claims that Kellogg would not accede to the amendment.

Nike relies on *Seagate* to support its proposition that "due care" is no longer an affirmative defense. *See Seagate Tech.*, 497 F.3d at 1371. The court finds that Nike's reliance on *Seagate* in support of so broad a proposition is misplaced. *Seagate* raised the standard to establish willfulness from something "akin to negligence" to "objective recklessness." *Id.* The burden is on the patentee to prove willful infringement by clear and convincing evidence. *Id.* The Federal Circuit departed from former caselaw that held that the affirmative duty of due care included the duty to seek and obtain competent legal advice from counsel before the initiation of any possible infringing activity. *Id.* at 1368-69. It does not follow that, because an alleged infringer no longer has a duty of care that "sets a lower threshold for willful infringement that is more akin to negligence," due care is no longer an issue. *Id*. at 1371. In any event, the motion is premature at this time, dependent as it is on Kellogg's proof of infringement and willfulness at trial.

For the reasons stated above in connection with Nike's motion for summary judgment on the willfulness issue, the court finds there are genuine issues of material fact under the standards announced in *Seagate.* The willfulness claim and the admissibility and relevance of any purported "good faith" and "due care" evidence are matters that can be addressed at trial. Accordingly, Kellogg's motion for summary judgment on Nike's affirmative defenses is granted with respect to the affirmative defenses of failure to state a claim, laches and estoppel and denied with respect to Nike's "good faith" defense to Kellogg's claim of willful infringement.

### 3. Nike's motion for a summary judgment of noninfringement (Filing No. 146)

Nike asserts that uncontroverted evidence shows as a matter of law that it did not infringe the Kellogg '190 patent. Essentially, it challenges the contention that the patented and accused hats have the same visual appearance and argues that Nike's hats do not infringe the Kellogg '190 patent because they do not include the four-opening pattern depicted in the '190 patent. Nike's argument depends on the definition of an opening as a "void" or open space. Kellogg argues that Nike's interpretation contravene the court's claim construction.

On a motion for summary judgment, a trial court may resolve the material issue of design infringement only in the absence of genuine factual disputes. *Avia Group Int'l, Inc. v. L.A. Gear California, Inc.*, 853 F.2d 1557, 1561 (Fed. Cir. 1988). In viewing the evidence of record, this court must resolve any inferences in favor of the nonmovant. *Id.*

The comparison of the patented and accused designs involves the "ordinary observer" test and the "point of novelty" test, both of which must be satisfied to find

infringement. *Arminak and Assocs., Inc. v. Saint-Gobain Calmar, Inc.*, 501 F.3d 1314, 1320 (Fed. Cir. 2007). Both the ordinary observer test and point of novelty test are factual inquiries on a claim of infringement of a design patent. *Id.*; *Bernhardt, L.L.C. v. Collezione Europa USA, Inc.*, 386 F.3d 1371, 1383 (Fed. Cir. 2004) ("Both the ordinary observer and point of novelty tests are factual inquiries that are undertaken by the fact finder during the infringement stage of proceedings, after the claim has been construed by the court."). On a claim of infringement of a design patent, the ordinary observer is a person who is either a purchaser of, or sufficiently interested in, the item that displays the patented designs and who has the capability of making a reasonably discerning decision when observing the accused item's design whether the accused item is substantially the same as the item claimed in the design patent. *Id.* at 1323 (holding, in a case involving a component part, that the hypothetical ordinary observer would be purchasers of the component parts for assembly and not ultimate retail purchasers of assembled product).

Conclusions about reasonable jurors are difficult to make on an issue of this factual dimension. *Amini Innovation Corp. v. Anthony California, Inc.*, 439 F.3d 1365, 1372 (Fed. Cir. 2006); *Bernhardt*, 386 F.3d at 1371, 1383 (Fed. Cir. 2004) ("Both the ordinary observer and point of novelty tests are factual inquiries that are undertaken by the fact finder during the infringement stage of proceedings, after the claim has been construed by the court.").

The parties have submittted evidence in support of and opposition to the motion. The court has reviewed the evidence and finds that there are genuine issues of material fact. On this record, the court is unable to find that no reasonable juror could find the designs substantially similar. The defendants' motion involves the ultimate issues for

resolution by the jury. Accordingly, the court finds Nike's motion for summary judgment should be denied.

### 4. Plaintiff's motion to preclude the use of certain evidence at trial, Filing No. 150

Plaintiff moves to preclude the use of certain evidence at trial as a sanction for discovery abuses. Plaintiff asserts that Nike failed and refused to disclose responsive information or witnesses on the alleged cost of goods that Nike would seek to offset against any disgorgement of profits and also points to Nike's belated production of voluminous data on the issue. Kellogg asserts that he was damaged as a result of the untimely disclosure because his damages expert was not able to analyze the alleged soft costs information and he was unable to cross-examine Nike's expert witness on the issue. Kellogg seeks similar relief in a *Daubert* motion, Filing No. 205, and in a recently filed motion in limine, Filing No. 238. The court has considered the parties' arguments on the issue and finds that preclusion of the evidence as a discovery sanction is not appropriate. Although arguably untimely and/or insufficient, the record shows that Nike disclosed the evidence more than two months before the close of discovery and more than five months before the case was set for trial. *See* Filing Nos. 132, Joint Motion to Modify Final Progression Order, & 133, Text Order (hyperlink unavailable). Plaintiff could have obviated the potential for prejudice or surprise by the time discovery closed, or, at the least, could have moved to reopen discovery. Under the circumstances, preclusion of the evidence as a sanction for discovery abuse is not warranted. Accordingly, the motion to preclude evidence at trial will be denied.

## 5.   Nike's motion to strike plaintiff's responses, Filing No. 188

In this motion, Nike asks the court to either deem certain facts that are in its summary judgment briefs admitted or, alternatively, to strike Kellogg's responses thereto as well as certain of Kellogg's statements of fact. Nike contends that Kellogg's responses and statements of uncontroverted fact do not comply with NECivR 56.1(b)(1) in that they are not supported by citation to any authority, are nonresponsive and argumentative, and/or rely only on inadmissible hearsay.

This motion will be rendered moot by the court's resolution of the motions for summary judgment. In any event, the court finds that defendants' position is untenable. To the extent that any of plaintiff's submissions may be improper or inappropriate, the defendants' purported statement of uncontroverted facts is equally deficient. Both parties' purported statements of uncontroverted fact contain controverted and unresolved issues. Kellogg's responses were provoked by purported statements of "uncontroverted" fact that can be characterized as incomplete or a mischaracterization of the record or both. As noted above, the record is replete with genuine issues of material fact on numerous issues presented in this litigation. Nike's mischaracterization of the magistrate judge's earlier order for the proposition that the '178 patent is not relevant to any issue in the action is disingenuous at best.

Moreover, it is not necessary for the court to either deem admitted or strike the contentious statements since the court relies only on properly established evidence to support its summary judgment decisions and disregards argumentative, nonresponsive and immaterial statements. Accordingly, Nike's motion to strike is denied.

IT IS ORDERED that:

1. Defendants' motion for summary judgment on the issue of willfulness and on plaintiff's affirmative defenses (Filing No. 140) is denied.

2. Plaintiff's motion for partial summary judgment on Nike's affirmative defenses (Filing No. 143) is granted in part and denied in part.

3. Defendants' motion for a summary judgment of noninfringement (Filing No. 146) is denied.

4. Plaintiff's motion to preclude the use of certain evidence at trial (Filing No. 150) is denied.

5. Defendants' motion to strike plaintiff's responses (Filing No. 188) is denied.

6. Plaintiff's motions for leave to supplement the record (Filing Nos. 214 & 221) are granted; the plaintiff's submissions are deemed filed instanter.

DATED this 14th day of August, 2008.

BY THE COURT:

s/ Joseph F. Bataillon
Chief District Judge