IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GERALD A. KELLOGG, an Individual, | ) | |
| | ) | |
| Plaintiff, | ) | 8:07CV70 |
| | ) | |
| v. | ) | |
| | ) | |
| NIKE, INC., an Oregon Corporation, | ) | MEMORANDUM AND ORDER |
| and NIKE USA, INC., an Oregon | ) | |
| Corporation, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on Kellogg's Motion in Limine No. 1 to Exclude Argument and Evidence at Trial in Contravention of the Claim Construction Order and Evidence Relating to the Prosecution History of Kellogg's '190 Patent, Filing No. 228; Kellogg's Motion in Limine No. 2 to Exclude Boquist's Mock-Up Hat, Filing No. 230, Kellogg's Motion in Limine No. 3 to Exclude Argument and Evidence Relating to Manufacturing of the Accused Products, Filing No. 233; Kellogg's Motion in Limine No. 4 to Exclude Nike Witnesses Not Disclosed During Discovery, Filing No. 235; Kellogg's Motion in Limine No. 6 to Preclude Defendants from Adducing Any Evidence in Support of Nike's Advice of Counsel Defense, Filing No. 239; Kellogg's Motion in Limine No. 7 to Exclude Any Evidence of the Successful Sales of the Accused Hats Being Attributed to Something Other Than the Design of the Patent-in-Suit, Filing No. 242;  Nike's Motion in Limine, Filing No. 244; and Nike's Motion to exclude the testimony of Timothy Ryan, Filing No. 266.

This is an action for infringement of a design patent.  The matter is set for trial beginning September 22, 2008.  The parties seek an order excluding certain testimony and

evidence at trial.  Some evidence "cannot be evaluated accurately or sufficiently by the trial judge" in the procedural environment of a ruling on a motion in limine.  *Jonasson v. Lutheran Child and Family Servs.*, 115 F.3d 436, 439 (8th Cir. 1997).  To the extent that a party challenges the probative value of the evidence, an attack upon the probative sufficiency of evidence relates not to admissibility but to the weight of the evidence and is a matter for the trier of fact to resolve. *United States v. Beasley,* 102 F.3d 1440, 1451 (8th Cir. 1996).

The court has considered the respective positions of the parties and finds as follows.

I.   **Plaintiff's Motions in Limine**

A.   **Plaintiff's Motion to Exclude Argument and Evidence at Trial in Contravention of the Claim Construction Order and Evidence Relating to the Prosecution History of Kellogg's '190 Patent, Filing No. 228**

The court generally sustains the motion.  The defendant shall limit its evidence and argument to the jury to conform to the court's claim construction order.  The court finds any argument or evidence inconsistent with the court's claim construction is irrelevant.

B.   **Motion to Exclude Boquist's Mock-Up Hat, Filing No. 230**

The court finds the motion should be sustained.  The Boquist hat is irrelevant to either the alleged validity or infringement of plaintiff's patent.

C.   **Motion to Exclude Argument and Evidence Relating to Manufacturing of the Accused Products**, **Filing No. 233**

The court generally sustains the motion.  Any evidence relating to the defendant's manufacture of the accused products is irrelevant to the issues of validity or infringement

2

of the plaintiff's patent.  Such evidence is not relevant to the issue of willfulness.  The defendant is alleged to have willfully violated the patent by manufacturing the offending item.  Why the defendant chose this design over others is not at issue.   However, such evidence may be relevant to the extent it supports costs of production thereby relevant for purposes of computing damages.

>   ### D.   Motion to Exclude Nike Witnesses Not Disclosed During Discovery, Filing No. 235

The court will reserve ruling for trial.  The witnesses, Joderholm and Martinez, have previously been identified during discovery.  The plaintiff must expect that evidence of the costs of production would be an issue in this case.  These two witnesses were identified as possessing this information at least during the deposition of expert witness Mangum.  If sufficient information is not provided to the plaintiff prior to trial, these witnesses will not be allowed to testify.  The court is not fully informed concerning the testimony of witness Hanford and will reserve ruling until after defendant has made a sufficient showing supporting timely disclosure of the witness and the subject matter of the testimony.  Accordingly the motion will be denied at this time without prejudice to reassertion at trial.

>   ### E.   Motion to Preclude Defendants from Adducing Any Evidence in Support of Nike's Advice of Counsel Defense, Filing No. 239

The court sustains this motion.  If the defendant asserts attorney-client privilege, it will not be allowed to assert it relied on its attorney's advice.

>   ### F.   Motion to Exclude Any Evidence of the Successful Sales of the Accused Hats Being Attributed to Something Other Than the Design of the Patent-in-Suit, Filing No. 242

The court overrules the motion.  Evidence that the sales of this product are in part due to the goodwill and overall marketing scheme of the defendants relative to the alleged

unique design of the product is relevant to damage issues.  In his July 17, 2008, deposition, Mr. Mangum did not perform any specific analysis concerning this issue.  His lack of specific analysis goes to the weight of his testimony and not to its admissibility.  In his August 7, 2008, deposition, Mr. Cheese likewise suggests that there are other factors that may account for sales.  The parties have elected to take depositions at this late date in the discovery process.  The pretrial discovery deadlines were set sufficiently in advance to allow for all relevant discovery.  Of course, the defendants must lay sufficient foundation for both witnesses to testify concerning their opinions.

## II.     Defendants' Motions in Limine

### A.     Defendants' Motion in Limine, Filing No. 244

In this motion defendants seek a ruling on fifteen evidentiary issues.  The court will address each.

#### 1.     Reference to or evidence regarding Nike's '178 patent and its prosecution

The court overrules the motion.  Defendants' prosecution of the '178 patent may be relevant to the issue of the defendants' willfulness.

#### 2.     Reference to or evidence regarding any alleged lack of a search in connection with Nike's '178 patent

This motion is overruled.  Evidence of defendants' due diligence is relevant to plaintiff's claim of willfulness.

#### 3.     Reference to or evidence regarding any opinions of counsel obtained by Nike and/or any alleged failure to obtain or supplement an opinion of counsel

This motion is overruled, without prejudice, to reassertion at trial.  The court is not able to determine this issue at this time.  Logic and common sense dictate that defendants consulted counsel when perfecting its '178 patent or before its production of the alleged offending product.  Defendants have asserted attorney-client privilege concerning those issues.  The court will not preclude the plaintiff from arguing an inference that the advice of counsel was in part or whole favorable to the plaintiff's position.  However, questions to defendants' representatives concerning specific conversations with or inquiries to defendants' attorneys may be improper.  Questions asked to elicit the fact that the attorney-client privilege has been asserted are improper and will not be allowed.

### 4.   Reference to or evidence regarding Nike's privilege log

This motion is sustained in part.  The privilege log may be used for purposes of impeachment.

### 5.   Reference to or evidence regarding the GK3 document

This motion is overruled.  The GK3 document is central to the plaintiff's assertion that defendants willfully infringed the '190 patent.

### 6.   Reference to or evidence regarding any of Kellogg's conception sketches

This motion is sustained in light of the defendants' dismissal of its invalidity counterclaim.

### 7.   Reference to or evidence regarding Kellogg's belief that the GK3 document or his conception sketches represent or are covered by the '190 patent

This motion is overruled.  The court will allow Kellogg's opinion concerning the '190 patent.

**8.      Reference to or evidence regarding Kellogg's opinion of the alleged validity of his patent**

This motion is overruled for the reasons stated above with respect to evidence regarding the Kellogg's belief regarding the coverage of the GK3 document.

**9.      Reference to or evidence regarding an infringement "checklist"**

This motion is overruled without prejudice to its reassertion at trial.  The court can conceive the relevance of a "checklist" even in a design case.  The court will reserve ruling on this motion for trial.  The context of the evidence is necessary to make this ruling.

**10.     Any suggestion that the infringement analysis can look to any precompletion state of the accused Nike hats**

This motion is overruled.  Evidence of the precompletion state of the accused hats may be relevant to the issue of willfulness.

**11.     Any suggestion that the title of the '190 patent informs the claim scope**

This motion is sustained in part.  The title of the patent speaks for itself and limits the scope of the patent to some limited extent.  The title is relevant as part of the patent submission.  The drawing and the court's claim construction define the scope of the claim.

**12.     Reference to or evidence regarding IES or any alleged submission by IES to Nike**

This motion is overruled without prejudice to its reassertion at trial.  The plaintiff must provide sufficient foundation at trial for the admission or assertion that the IES submission was sent to the defendants.  It is premature for the court to make such a ruling.

**13.     Reference to or evidence regarding any conversation between Mr. Kellogg and either Mr. White or Mr. McCullum**

This motion is overruled.  The plaintiff may testify that he spoke with Misters White and McCullum to discuss his patent.  However, any  responses by the third parties are hearsay.

> **14.   Reference to or evidence regarding the size of Nike's attorneys' law firm and size, type, names, and identities of other clients represented by the firm**

This motion is sustained and enforceable to both parties.

> **15 .   Reference to or evidence regarding other litigation involving Nike**

This motion is provisionally sustained.  Prior to submission of such evidence the plaintiff must demonstrate to the court, outside the presence of the jury, that the proffered litigation is relevant to the issues of this case.

> **B.   Motion to exclude the testimony of Mr. Ryan, Filing No. 266**

This motion is overruled.  It appears that Mr. Ryan will testify based upon the records he reviewed, his business practices, and his recollection of the normal course of his business.  He may testify that the IES submission was forwarded to the defendants in the normal course of business.  It is not necessary that he actually delivered the submission or remembers that it was delivered.  However, if he is not able to provide proper foundation for this assertion, his testimony on this subject will not be allowed.  The weight to be given his testimony, if allowed, is for the jury to decide.

IT IS ORDERED:

1.   Plaintiff's Motion in Limine No. 1 (Filing No. 228) is sustained;

2.   Plaintiff's Motion in Limine No. 2 (Filing No. 230) is sustained;

3.   Plaintiff's Motion in Limine No. 3 (Filing No. 233) is sustained in part;

4.      Plaintiff's Motion in Limine No. 4 (Filing No. 235) is sustained;

5.      Plaintiff's Motion in Limine No. 6 (Filing No. 239) is overruled without prejudice to reassertion at trial;

6.      Plaintiff's Motion in Limine No. 7 (Filing No. 242) is overuled;

7.      Defendants' Motion in Limine (Filing No. 244) is sustained with respect to the privilege log, Kellogg's conception sketches, and with respect to reference to Nike's attorney' law firm and overruled in all other respects, as set forth above;

8.      Defendants' Motion to exclude the testimony of Mr. Ryan (Filing No. 266) is overruled.

DATED this 12th day of September, 2008.

BY THE COURT:


s/ Joseph F. Bataillon
Chief United States District Judge